### LAMAR, executor, *v.* LAMAR, administratrix.

GILBERT, J. The will of L., among other bequests and devises, divided certain shares of corporate stock among his children and grandchildren, all subject to restrictions therein stated. One son, J. T., was an incapable, and for him was bequeathed in trust a portion of the stocks for and during his life, the income from such property to be applied to the maintenance of J. T., and the excess over the amount necessary for this purpose to be distributed equally among the children of J. T., and upon his death the stocks, as well as the income therefrom remaining on hand, to vest in his children equally. Another portion of the stocks was bequeathed directly in trust for the benefit of the children of J. T. The will provided that all of the stocks bequeathed to all legatees "shall be held by my executors . . until the first day of January, 1925, at which time, and not until then, I direct that such stock be distributed amongst the legatees, . . the corpus and income herein provided for to be subject to the same uses, trusts, and limitations" stated in previous items of the will, and "provided, however, that if any of the legatees to whom the same is devised shall die before the first day of January, 1925, leaving no child or children, the income and dividends from the said stocks so bequeathed to such legatees, as well as the stock, shall revert and become a part of my estate, to be distributed amongst my surviving children in equal shares. The excess of said stock or shares, which I may own at my death, over and above the number hereinbefore specifically devised, I direct shall also be held by my executors until January 1st, 1925, the dividends and profits arising therefrom to be distributed amongst my children⁻ . . as each may hold said stocks, the said stocks and dividends therefrom to be subject to the same uses, trusts, and limitations" as provided in previous paragraphs of the will. And also, "in the event of the death of one of my children before January 1, 1925, leaving no child or children, then his or her share of this stock, as well as the dividends, shall revert to my estate, to be distributed amongst my surviving children, share and share alike." In an item subsequent to all of the foregoing the will provided: "Wherever the word 'children' is used in this will, it is my will and desire that it shall be taken and construed to include descendants of children, such descendants to have and take the share and parts of their deceased parents." The testator died on December 25, 1896. Subsequently his son J. T. died, leaving three children. Other children of the testator died without leaving issue. W. D., a son of J. T., and a grandson of the testator, died without leaving issue; and the administratrix of W. D. brought this suit to recover the interest which it was alleged W. D. took under the will. *Held:*

1. W. D. was a legatee under the will.
2. All property rights to which W. D. was entitled under the will were divested by his death without leaving child or children.
3. The trial court having adjudged contrary to the rulings here stated, that judgment must be        *Reversed. All the Justices concur.*

No. 131. NOVEMBER 15, 1917.

Equitable petition. Before Judge Mathews. Bibb superior court. December 21, 1916.

*Hall & Grice,* for plaintiff in error.

*Hardeman, Jones, Park & Johnston,* contra.